UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JUDESTIN ALEXANDER ARCASA,<br><br>  Defendant. | Case No. CR07-5681 FDB<br><br>ORDER DENYING MOTION TO STRIKE PREJUDICIAL MATERIAL AND SURPLUSAGE FROM INDICTMENT |

This matter comes before the Court on Defendant's motion to strike prejudicial material and surplusage from the above-captioned Indictment.

Defendant is charged in Count III of the Indictment with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g), who is subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The government need prove only one felony to make out § 922(g)'s "felon" element. Defendant is willing to stipulate that the prior "felon" element of § 922(g) has been established and has submitted a stipulation to that affect.

Count III lists eleven prior convictions, all which may be alleged by the government as predicate felonies under § 922(g) and the ACCA. Defendant asserts that any reference to the fact that Defendant has been convicted of more than one prior felony, the nature of the prior felonies, and he is an "armed career criminal," is unduly prejudicial and runs afoul of Mr. Arcasa's Fifth

ORDER - 1

1  Amendment right to a fair trial.

2  In its response, the Government concedes that as a result of Mr. Arcasa's stipulation, it must
3  not submit any evidence that Defendant was convicted of the crimes set forth in the Indictment
4  outside the stipulation.  See, United States v. Old Chief, 519 U.S. 172 (1997).  In Old Chief the
5  United States Supreme Court held in a prosecution under 18 U.S.C. § 922(g)(1) that a district court
6  abuses its discretion if it spurns a defendant's offer to stipulate to a prior felony conviction and
7  admits the full record of a prior judgment, when the name or nature of the prior offense raises the
8  risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely
9  to prove the element of prior conviction.

10  Nonetheless, the government asserts that removal of the prior felonies from the Indictment
11  would serve no meaningful purpose, as in this District the Indictment is not presented to the jury at
12  trial.

13  In light of the pretrial posture of this matter, and the government's acknowledge that it may
14  not introduce evidence of prior convictions outside an appropriate stipulation, the Court finds it
15  unnecessary to grant Defendant's requested relief.  In the event this matter proceeds to trial,
16  Defendant is free renew his motion to preclude evidence of prior convictions.

17  ACCORDINGLY;

18  IT IS ORDERED:

19  Defendant's Motion to Strike Prejudicial Material and Surplusage from the Indictment
20  [Dkt. # 27] is **DENIED**.

21  DATED this 3rd day of March, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26  ORDER - 2