UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUDESTIN ALEXANDER ARCASA,

    Defendant.

Case No. CR07-5681 FDB

ORDER RE MOTION TO COMPEL EXAMINATION AND PRODUCTION OF PERSONNEL AND EMPLOYMENT FILES OF TESTIFYING AGENTS AND GOVERNMENT EMPLOYEES

    This matter comes before the Court on Defendant's motion for an order to compel the government to examine the personnel files of all government agents and employees who the government intends to call as witnesses and to disclose to defense counsel any *Brady* or *Giglio* material contained in those records, material that could cast doubt on the credibility of these witnesses, or other impeachment material.

    In its response, the Government states that it intends to comply with Defendant's request with respect to the federal officers whom the Governments intends to call at trial. The court agrees that the Government need only produce the files of witnesses who it intends to call at trial.

    The prosecutor has a duty to disclose all evidence favorable to the defendant which is material either to guilt or to punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). The evidence

ORDER - 1

is material only if there is a reasonable probability, namely, a probability sufficient to undermine confidence in the outcome, that the result would have been different if the government had disclosed the evidence. United States v. Bagley, 473 U.S. 667, 682 (1985). The government has a duty, after a request by the defense, to inspect for *Brady* material the personnel records of federal law enforcement officers who will testify at trial, regardless of whether the defense has made a showing of materiality. United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991). *Henthorn* requirements are met when the staff of the appropriate agency examines the file and notifies the federal prosecutor of potential *Brady* material, after which the federal prosecutor determines whether the material should be produced to the defense or provided to the court for an in camera review. Id. at 1492. Thus, Defendant's motion to compel is granted to the extent that he requests exculpatory evidence contained within the personnel files of federal law enforcement officers whom the Government intends to call at trial.

The government contends, however, that it is not obligated to inspect and produce files pertaining to state law enforcement officers the government intends to call as witnesses.

Under the Ninth Circuit decision United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992), the government is not obligated to review state law enforcement files not within its possession or control. The prosecution has no obligation to turn over materials not under its control, including personnel files of state law enforcement witnesses. Id., at 566. See also, U.S. v. Colima-Monge, 962 F. Supp. 1337 (D. Or. 1997).

There is no question, however, that the government's duty to disclose under *Brady* reaches beyond evidence in the prosecutor's actual possession. The Supreme Court has made clear that prosecutors have "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). In United States v. Risha, 445 F.3d 298 (3rd Cir. 2006), the Third Circuit set out factors used by most circuits to determine whether a state agency's knowledge of *Brady* and *Giglio* information can

ORDER - 2

be imputed to the federal government. These factors are: (1) whether the party with knowledge of the information is acting on the government's behalf or is under its control; (2) the extent to which the party with knowledge and the federal government are part of a team, are participating in a joint investigation, or are sharing resources; and (3) whether the entity charged with constructive possession has ready access to the evidence. Id., at 304.

Here, there is no allegation, or evidence, that the police officers were under the federal government's control or acting on its behalf. Nor has there been any suggestion that the local police officers where part of a team or engaged in a joint effort with federal agents. Lastly, there is nothing in the record as to whether any possible *Brady* or *Giglio* information is readily available to the government. Under these considerations, the Court finds it inappropriate to compel examination of local police officer personnel and employment records. Nonetheless, if such information comes into the possession or control of the government, such *Brady* and *Giglio* material must be disclosed to the defense.

ACCORDINGLY;

IT IS ORDERED:

Defendant's motion to compel examination and production of personnel and employment files of testifying agents and government employees [Dkt # 26] is **DENIED** to the extent the Defendant seeks to compel examination of the personnel and employment records of local law enforcement personnel.

DATED this 3rd day of March, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3